UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANNA W. McKENNA-SMITH, *pro se*,                    :
                                                     :       **MEMORANDUM AND ORDER**
            -against-                                :             06-CV-6041 (DLI)
                                                     :
MICHAEL J. ASTRUE,                                   :
Commissioner of Social Security                      :
                                                     :
                     Defendant.                      :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Pro se plaintiff, Anna McKenna-Smith, filed an application for widow's insurance benefits under the Social Security Act (the "Act") on April 18, 2002, shortly after her husband, William Smith, had passed away. Plaintiff's application was denied initially and on reconsideration. Plaintiff testified at a hearing held before an Administrative Law Judge ("ALJ") on October 15, 2005. By decision dated March 7, 2006, the ALJ concluded that plaintiff's marriage to Mr. Smith, the wage earner, did not meet the Act's nine-month duration requirement and that no exceptions to this rule applied. On July 20, 2006, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. Plaintiff filed the instant action seeking judicial review of the denial of benefits, pursuant to 42 U.S.C. § 405(g). The Commissioner now moves for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), seeking affirmation of his denial of benefits on the ground that plaintiff simply cannot meet the nine-month marriage durational requirement. The Commissioner's motion is granted.

### BACKGROUND

Plaintiff reports that she and her late husband began living together in New York in approximately May 1990, but their marriage was not solemnized until September 22, 2001. He

died on February 27, 2002, about five months after they were married.  His previous marriage was not dissolved until his divorce to his former wife on December 7, 2000.

Plaintiff's husband did not die of an accident or while serving on active duty in the military.  The couple did not have any children, natural or adopted. They had not remarried each other.  Plaintiff had not been found to be entitled to widow's, mother's, wife's, parent's, or disabled child's insurance benefits under the Act or the Railroad Retirement Act.

## DISCUSSION

### A.    Standard of Review

A district court reviewing the final determination of the Commissioner must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).  The former determination requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act."  *Echevarria v. Sec'y of Health & Human Servs.,* 685 F.2d 751, 755 (2d Cir. 1982) (internal quotations omitted).  The latter determination requires the court to ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The district court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A remand by the court for further proceedings is appropriate when "the Commissioner has failed to provide

a full and fair hearing, to make explicit findings, or to have correctly applied the . . . regulations." *Manago v. Barnhart*, 321 F. Supp. 2d 559, 568 (E.D.N.Y. 2004). A remand to the Commissioner is also appropriate "[w]here there are gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997)). ALJ's, unlike judges, have a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of the benefits proceedings." *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999).

**B.     Widow's Insurance Benefits Claims**

To receive window's insurance benefits ("WIB") under the Act, plaintiff must demonstrate that she is a widow of a deceased wage earner. A "widow" is defined as "the surviving wife of an individual, but only if . . . she was married to him for a period of not less than nine months immediately prior to the day on which he died." 42 U.S.C. § 416(c)(1); 20 C.F.R. § 404.335(a)(1). It is undisputed that Plaintiff was married to her husband, the deceased wage earner, for less than nine months. Plaintiff's suggestion that her prior period of cohabitation with her husband should be considered "common law" marriage also fails. The Act and regulations evaluate the validity of a marriage by looking to the law of the state where the wage earner was legally domiciled at the time of his death. 42 U.S.C. § 416(h)(1)(A)(i); 20 C.F.R. § 404.345. Plaintiff and her late husband were married in New York and lived here. New York law does not recognize common law marriage. N.Y. Dom. Rel. § 11.

Plaintiff also does not qualify for any legal exceptions to the nine-month marriage durational requirement set forth in 20 C.F.R. § 404.335(a)(2). The ALJ's decision is based on the correct legal standard and is supported by substantial evidence.

Plaintiff argues that the nine-month marriage durational requirement is arbitrary and asks the court for equitable relief. The entitlement to receive WIB is created by statute and its eligibility requirements are determined by Congress. The court cannot change the nine-month marriage durational requirement; "only Congress can." *Goldberg v. Weinberger*, 411 F.Supp. 88, 92 (S.D.N.Y. 1976).

## CONCLUSION

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is granted, and this action is dismissed.

SO ORDERED

DATED:     Brooklyn, New York
                September 30, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge